UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAMIREZ, et al., | No. 2:18-cv-00632-KJM-GGH |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS; ORDER |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

*Introduction and Summary*

Plaintiffs William and Stacey Ramirez appear pro se in this civil rights action brought pursuant to 42 U.S.C. sections 1983, 1985(3), 1986, and supplementary claims under California Civil Code sections 52 and 52.1 and Article 1 of the California Constitution. ECF No. 1.

Plaintiffs also seek to permission to proceed in forma pauperis. This court has reviewed their affidavits and finds that each of them lacks sufficient funds to pay the fees and costs of pursuing this action. Each of their applications will, therefore, be granted. The inquiry does not, however, stop with the in forma pauperis determination. Under 28 U.S.C. section 1915(d)(2)(B) the court may dismiss such an action if at any time it determines that it is (i) frivolous or malicious; or (ii) it fails to state a claim.

The undersigned recommends dismissal of the complaint without leave to amend with respect to defendant Hoffman. The "Injunctive Relief" claim naming only defendant Hoffman is

barred by the Rooker-Feldman doctrine, and in any event, defendant Hoffman is absolutely immune from suit. The complaint will otherwise be served as to the remaining defendants.

*Discussion*

*A.     THE COMPLAINT*

The complaint in this case names several public entities: County of El Dorado, El Dorado County Sheriff's Department, El Dorado County Animal Services, and the El Dorado Superior Court and a Superior Court Commissioner, Douglas R. Hoffman. In addition it names several County officials in both their individual and their official capacities. All defendants are sued pursuant to 42 U.S.C. sections 1983, 1985 and 1986 for violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is predicated on federal question, 28 U.S.C. section 1331 and the Declaratory Judgment Act, 28 U.S.C. sections 2201(a) and 2202. State claims are also raised under the court's supplemental jurisdiction . 28 U.S.C. § 1367.

Factually the complaint alleges that plaintiffs were illegally evicted from their home in South Lake Tahoe, California, after a state court trial granted their landlord, Ms. Mangiaracina a judgment in unlawful detainer. ECF No. 1 at ¶¶ 10, 11. The El Dorado Sheriff's Department and its officers then executed writs of execution of a money judgment and dispossession of the real property. Id. at ¶ 10a. Plaintiffs attempted to vacate the judgment, but after corrections were made by the Superior Court, new writs were issued, id. at ¶ 10c, and Sheriff's Department personnel forced them to vacate the property, leaving their animals behind. Id. at ¶ 10g. Defendant Animal Services defendants then took control of the animals. Id. A second effort to invalidate the writs involved was rejected by Commissioner Hoffman. Id. at 10m. In addition, plaintiffs were required to pay to recover their animals from the County and their personal possessions from their landlord who assessed storage fees.[1] All of the actions by County and County officials are alleged to have violated plaintiffs' rights under the Fourth and Fourteenth Amendments to the federal Constitution. Id. at ¶ 12.

---

[1] It does not appear that plaintiffs have sued he landlord in this action.

2

1  B.     THE ROOKER-FELDMAN DOCTRINE

The Rooker Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

> In Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362, the parties defeated in state court turned to a Federal District Court for relief. Alleging that the federal court to declare it "null and void." Id., at 414–415, 44 S.Ct. 149. This Court noted preliminarily that the state court had acted within its jurisdiction. Id., at 415, 44 S.Ct. 149. If the state-court decision was wrong, the Court explained, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." Ibid. Federal district courts, the Rooker Court recognized, lacked the requisite appellate authority, for their jurisdiction was "strictly original." Id., at 416, 44 S.Ct. 149. Among federal courts, the Rooker Court clarified, Congress had empowered only this Court to exercise appellate authority "to reverse or modify" a state-court judgment. Ibid. Accordingly, the Court affirmed a decree dismissing the suit for lack of jurisdiction. Id., at 415, 417, 44 S.Ct. 149.

Id. at 287.

As in Rooker, plaintiffs here, with respect to the Injunctive Relief claim against Commissioner Hoffman, seek to have this district court, in essence, overrule the rulings and judgment of the El Dorado Superior Court and to award them damages for the injury the purported improper judgment inflicted upon them. This the court cannot do. As the Ninth Circuit Court of Appeals has held, "A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. Rooker-Feldman becomes difficult--and, in practical reality, only comes into play as a contested issue--when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court." Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003). That is exactly what plaintiffs attempt to do with their injunctive relief claim - bring a de facto appeal to enjoin Commissioner Hoffman in his rulings. There are, however, elements of plaintiffs' case that may be amenable to suit under 42 U.S.C. section 1983.

////

3

*C. JUDICIAL IMMUNITY*

In addition to the foregoing, the Superior Court Commissioner, who is a state judicial officer, is immune to suit. "'Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.'" Qualkinbush v. Pineschi, 2009 WL 2232903 (E.D.Cal. 2009), *quoting* Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000). This immunity is immunity from suit, not merely immunity from assessment of damages. Mireles v. Wago, 502 U.S. 9, 100 (1991). Commissioner Douglas R. Hoffman is not amenable to suit insofar as all of his actions, right or wrong, were taken from his position on the judicial bench.

Service upon Commissioner Hoffman would be a futile act. The undersigned will recommend his dismissal without leave to amend.

Based upon the foregoing, IT IS HEREBY RECOMMENDED THAT DEFENDANT Commissioner Hoffman be dismissed without leave to amend and the Injunctive Relief claim be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Based upon the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff William Ramirez's application to proceed in forma pauperis is GRANTED;

2. Plaintiff Stacey Ramirez's application to proceed in forma pauperis in GRANTED;

3. Service on all named defendants except defendant Hoffman is appropriate;

4

4. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs;

5. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order;

6. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for each defendant; and

    e. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9. Each defendant shall respond to the complaint within 30 days of completion of service;

10. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

11. Plaintiff's failure to comply with this order may result in a recommendation that

this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

**IT IS SO ORDERED.**

Dated: May 4, 2018

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE