UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAMIREZ, et al.,

Plaintiffs,

v.

COUNTY OF EL DORADO, et al.,

Defendants.

No. 2:18-cv-00632-KJM-GGH

ORDER

Plaintiffs, suing in pro se and in forma pauperis, have filed two motions: (1) a request for appointment of counsel, ECF No. 14, and (2) a motion to file electronically. ECF No. 15. This Order will address these motions in order.

*MOTION FOR APPOINTMENT OF COUNSEL*

Plaintiffs have sought appointment of counsel to represent then in proceeding with this civil rights case. ECF No. 14. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (citation omitted). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." Id. at 1331.

////

////

1

*DISCUSSION*

In Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), the Circuit Court ruled as follows:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from Weller v. Dickson, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis ... in civil actions for damages should be allowed only in exceptional circumstances. . . . A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983), *quoted* in Kuster [v. Block], 773 F.2d [1985] at 1049. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).3 [footnote omitted]

In Wilborn the Circuit Court found that while plaintiff had demonstrated a likelihood of success on the merits, the issues were not complex and, as in most cases, although discovery will undoubtedly be needed to flesh out the facts to be presented at trial, "[m]ost actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."

In their motion plaintiffs rely on the assertion that they do not know how to engage in discovery, conduct voir dire examinations, and try a federal case. If this were the standard for appointment of counsel, virtually every pro se plaintiff would have the entitlement and that is clearly not sufficient to satisfy the extraordinary circumstances requirement.

In fact, plaintiffs have pleaded a credible case and survived a well-drafted motion to dismiss prepared by counsel representing the defendants, thus indicating they have a colorable chance of success in their suit. Their writings and arguments are clearly presented indicating they have the capacity to move forward on their own, at least at this point in the litigation.

The concerns plaintiffs have raised may be mitigated by the acquisition or review of one of the many federal practice guides regarding procedures before trial available on the market for purchase or available for study in the State Court Law Library or the Law Library available in this

courthouse which can be entered at the lobby level of the building.  There is a librarian on duty in the court library who can assist them in locating the materials they require.

At this point the court cannot, therefore, find the second ground for a determination of exceptional circumstances required by Wilborn for appointment of counsel.  See also Villery v. Beard, 2017 WL 2068459 *8 (E.D.Cal. 2017).

*MOTION TO FILE ELECTRONICALLY*

Plaintiffs also seek permission for leave to file and receive documents through the e-filing system of the court.  Plaintiffs must first prepare a statement showing that they have reviewed and the terms and conditions for such leave which are explained in the Eastern District of California Local Rules 100(f), 101 and 133(b)(2)-(3).  Those rules re available in the Court Clerk's office on the 4th floor of the courthouse at 501 I Street and on line.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Appoint Counsel is DENIED without prejudice;

2. The plaintiffs shall certify in writing that they have reviewed and understand the rules for pro se use of electronic filing as described in this Order and present that certification to the Clerk of the Court;

3. The Clerk of the Court shall thereafter accept an email address that will be used by plaintiffs in electronic filing matters and permit the plaintiffs to thereafter file using the ECF system.

Dated: September 25, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE