# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM RAMIREZ and STACEY RAMIREZ,

    Plaintiffs,

v.

COUNTY OF EL DORADO, et al.,

    Defendants.

No. 2:18-cv-00632-KJM-CKD PS

ORDER

## I. Introduction

Before the court is defendants' motion to modify the pretrial scheduling order. (ECF No. 26.) Plaintiffs did not oppose the motion. Defendants' motion came on regularly for hearing on October 2, 2019. Gökalp Gürer appeared for defendants. Plaintiffs appeared pro se telephonically. Upon review of the documents in support and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

## II. Background

### A. Pretrial Scheduling Order

On December 28, 2018, the undersigned issued a scheduling order setting the following relevant deadlines:

- September 2, 2019: Non-expert fact discovery deadline. (ECF No. 24 at 3:18.)

1

|   |   |
|---|---|
| 1 | - November 4, 2019:  Expert discovery deadline.  All expert discovery shall be |
| 2 | completed, including depositions and any disputes relative to expert discovery.  (Id. at |
| 3 | 3:9–12.) |
| 4 | - February 12, 2020:  Dispositive motion deadline.  (Id. at 3:14–20.) |
| 5 | B.  Plaintiffs' Depositions |
| 6 | On August 1, 2019, defendants noticed plaintiffs' depositions for August 21 and August |
| 7 | 22, 2019.  These dates were just a week and a half before the September 2, 2019 fact discovery |
| 8 | cutoff. |
| 9 | On August 9, 2019, defense counsel contacted plaintiff Stacey Ramirez ("Stacey") to |
| 10 | confirm the dates would work for both plaintiffs. |
| 11 | On August 15, 2019, the parties discussed the deposition schedule.  (Gürer Decl. (ECF |
| 12 | No. 26-2) ¶ 4.)  Stacey stated she needed to check her schedule and defense counsel asked her to |
| 13 | let him know by that afternoon if those dates worked, or to propose other dates in August before |
| 14 | the September 2, 2019 discovery cutoff.  (Gürer Decl. ¶ 4, Ex. C.)  In that regard, in an August |
| 15 | 13, 2019 email thread between the parties, defense counsel stated the matter was "not urgent" and |
| 16 | he "wanted to touch base on the written discovery and deposition notices [defendants] sent out." |
| 17 | (ECF No. 26-2 at 14–15.)  Defense counsel did not address the fast-approaching fact discovery |
| 18 | cutoff or try to confirm via email that the August 21 and August 22, 2019 deposition dates |
| 19 | worked.  It was not until two days later, on August 15, 2019, that defense counsel noted a sense of |
| 20 | urgency regarding the deposition schedule.  (ECF No. 26-2 at 18–24.) |
| 21 | Also on August 15, 2019, Stacey informed defense counsel that plaintiffs would not attend |
| 22 | their depositions in Sacramento because of the travel distance, explaining that they moved from |
| 23 | El Dorado County to Modoc County.  (Gürer Decl. ¶ 5, Ex. D.)  Defense counsel responded, |
| 24 | stating that because plaintiffs filed their case in the Eastern District, they were obligated to attend |
| 25 | their deposition in Sacramento.  Counsel then offered to conduct plaintiffs' depositions in |
| 26 | Redding, which is closer to plaintiffs' residence in Cedarville.  (Id.; see generally ECF No. 26-2 |
| 27 | at 14–15 (the parties' August 9–13, 2019 email communications) and ECF No. 26-2 at 18–24 (the |
| 28 | parties' August 15–23, 2019 email communications).) |

Plaintiffs failed to appear for their August 21 and August 22, 2019 depositions and defendants' claim a record of their non-appearance was made. (Gürer Decl. ¶ 5, Ex. D.[1])

On August 23, 2019, defense counsel learned he had a deposition in Alturas on September 16, which is close to Cedarville. (Id.) Defense counsel contacted plaintiffs and offered to take their depositions on September 17, 2019. (Id.) Counsel also requested that plaintiffs stipulate to modify the scheduling order to accommodate their depositions after the September 2, 2019 fact discovery cutoff. Plaintiffs did not respond. (Id.)

Defendants claim they have exhausted their options and their next step is to file a motion to compel plaintiffs' deposition. However, the September 2, 2019 non-expert discovery cutoff must be extended to accommodate a motion.

As a result, defendants now move to extend the September 2, 2019 non-expert discovery cutoff, the November 4, 2019 expert discovery cutoff, and the February 12, 2020 pretrial motion deadline. Plaintiffs did not oppose the motion. Instead, in their September 23, 2019 request to appear telephonically for the hearing, plaintiffs explain that "[t]he issues that have caused the need for this motion by the Defendants are ones that could have been, and on the Plaintiffs' part were being, dealt with between the parties. The Defendants did not seek the Plaintiffs' consent for this motion. If they had, Plaintiffs would have readily agreed to the motion." (ECF No. 27 at ¶ 6.) Plaintiffs proffered no evidence supporting that they are "deal[ing] with" the issue of scheduling their depositions.

IV.  Defendant's Motion to Modify the Scheduling Order

    A.  Legal Standard

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] Defendants did not provide a copy of the statement on the record of plaintiffs' non-appearance, which defendants claim was made "in preparation for a Motion to Compel." (Gürer Decl. ¶ 5.)

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Id. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

Relevant inquiries into diligence include (1) whether the movant was diligent in helping the court to create a workable Rule 16 order, (2) whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment, and (3) whether the movant was diligent in seeking amendment once the need to amend became apparent." See United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (quotations and citations omitted). The Ninth Circuit has further clarified that "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

B. Expert Discovery and Pretrial Motion Deadlines

Nothing in defendants' motion supports their request to extend the expert discovery and pretrial motion deadlines. Having failed to demonstrate good cause, defendants' motion to modify these deadlines is denied.

///

///

### C. Non-Expert Fact Discovery Cutoff

Turning to the September 2, 2019 fact discovery cutoff, defendants claim they noticed plaintiffs' depositions closer to the discovery cutoff because they "have been spending the better part of 2019 sending court runners to numerous superior courts and appellate courts to gather the files on Plaintiffs' numerous attempts at redress for the events underlying this case." (ECF No. 26-1 at 4.) Absent from defendants' motion is an explanation as to why they failed to request an extension before August 30, 2019 having clearly known for the "better part of 2019" their research was taking longer. Defendants' argument that their request "was not due to a lack of diligence but instead for Plaintiffs' blatant disregard of their obligations" is a mischaracterization of defendants' efforts and an effort to shift the blame to plaintiffs who were given twenty days' notice of their depositions that were scheduled to take place only twelve days before the fact discovery cutoff. (ECF No. 26-1 at 4.) Defendants left no room to accommodate schedules and waited until the last minute to request a continuance of the fact discovery cutoff. In that regard, filing a motion on August 30, 2019 to modify a September 2, 2019 cutoff does not support a finding of diligence.

Defendants argue they will be prejudiced because they "need to take Plaintiffs' depositions in order to develop all of the facts and allegations in this case, in the event this case is not dismissed via a 12(b) motion or summary judgment and proceeds to trial." (ECF No. 26-1 at 4.) However, defendants provide no authority supporting that prejudice to the moving party is a factor considered under Rule 16. Defendants state that the court "may consider the degree of prejudice to the opposing party." (ECF No. 26-1 at 3.) However, the prejudice factor is analyzed more so if a party is seeking leave to amend a pleading under Federal Rule of Civil Procedure 15—which is not an issue before the court. Even if it were considered here, the court examines the prejudice to the *opposing* party, not the moving party. See Johnson, 975 F.2d at 609 (explaining that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985))).

Nevertheless, and notwithstanding defendants' last-minute request, (1) plaintiffs failed to appear for their timely noticed depositions, (2) defendants requested a stipulation to extend the discovery cutoff before September 2, 2019, (3) plaintiffs do not oppose the extension, and (4) plaintiffs are willing to schedule their depositions (see ECF No. 27 at ¶ 6). These facts all support the court exercising its discretion and extending the discovery cutoff for the limited purpose of completing plaintiffs' depositions. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985) (explaining that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation").[2]

VI. Conclusion

For these reasons, defendant's motion is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' motion to amend the scheduling order to extend the expert and dispositive motions deadlines is DENIED.

2. Defendants' motion to amend the scheduling order to extend the non-expert fact discovery cutoff is GRANTED.

3. The non-expert fact discovery cutoff is extended to October 30, 2019 for the limited purpose of completing plaintiffs' depositions.

4. No other non-expert fact discovery shall be permitted absent a showing of good cause.

Dated: October 2, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 ramirez632.mta.so

---

[2] During the hearing, the court encouraged the parties to resolve the issue of scheduling plaintiffs' depositions without the need for court intervention. If a dispute arises, however, the parties can avail themselves of the undersigned's procedure for Informal Telephonic Conferences re Discovery Disputes. The procedure can be found online at: http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Delaney%20Telephonic%20Discovery%20Conferences_082018.pdf.