UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAMIREZ and STACEY RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF EL DORADO, et al.,<br><br>Defendants. | No. 2:18-cv-00632-KJM-CKD PS<br><br>ORDER |

I. Introduction

Before the court is plaintiffs' October 1, 2019 motion to appoint counsel. (ECF No. 31.) On October 8, 2019, the court took the motion under submission on the briefing without oral argument, pursuant to Local Rule 230(g). (ECF No. 34.) On October 16, 2019, defendants filed an opposition (ECF No. 36), and on October 22, 2019 plaintiffs filed their reply (ECF No. 37).

II. Legal Standard

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiffs, the court must consider (1) plaintiffs' financial resources, (2) the efforts already made by plaintiffs to secure counsel, and (3) plaintiffs' likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Bd. of

1

Regents, 673 F. 2d 266 (9th Cir. 1982). Moreover, "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citations omitted).

III. Analysis

Regarding the Bradshaw factors, because plaintiffs are proceeding in forma pauperis, the first factor, which relates to their financial condition, is a fortiori resolved in their favor.

As to the second Bradshaw factor, plaintiffs do not provide the efforts they made to obtain counsel, if any. Plaintiffs only state that "they have tried to contact numerous attorneys" and "[a]ll of them state that the lack of ability to pay a retainer is the reason for them not taking on the Plaintiffs' case." (ECF No. 31 at 1–2.) However, plaintiffs provided no evidence to support this conclusory statement. Plaintiffs should make reasonable efforts to meet with attorneys, and provide a declaration that complies with 28 U.S.C. § 1746 that documents their efforts to retain them and why they refused to take their case. In other words, plaintiffs must provide some form of evidence supporting their efforts to obtain counsel for the court to consider their motion. This factor therefore weighs against granting plaintiffs' motion to appoint counsel.

Nonetheless, even if the court were to consider the remaining factors, plaintiffs' motion fails. As to the third Bradshaw factor evaluating plaintiffs' likelihood of success on the merits, plaintiffs argue that Magistrate Judge Gregory G. Hollows stated they have a "credible case" and have a "colorable chance of success." (ECF No. 31 at 3.) However, plaintiffs merely continue to rely on the allegations in their complaint which at best state the bare elements of a prima facie case, and no more. Plaintiffs offer no further argument "to the effect that [they have] any requisite likelihood of success." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on reh'g en banc, 154 F.3d 952 (9th Cir. 1998).[1] Although plaintiffs claim

---

[1] See Rand v. Rowland, 154 F.3d 952, 954 n.1 (9th Cir. 1998) ("Part II.C. of the panel opinion, concerning appointment of counsel, is not affected by our en banc review and is not withdrawn.").

2

some discovery difficulties, including having to appear for their depositions, this does not establish the likelihood of success on the merits of their case. At this juncture, following the close of all fact discovery except plaintiffs' depositions, plaintiffs should be able to identify the source(s) of evidence that they believe will allow them to prevail. This factor also weighs against granting plaintiffs' motion.

Turning to the <u>Wilborn</u> standard, plaintiffs are incorrect that they have "jumped the 'exceptional circumstances' hurdle" on the ground that their application to proceed in forma pauperis was granted. (<u>See</u> ECF No. 37 at 2.) The "exceptional circumstances" standard is met through evaluation of the likelihood of success on the merits and the ability of plaintiffs to articulate their claims in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331 (quoting <u>Weygtandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). As noted above, plaintiffs have not satisfied the requirement that they are likely to succeed on the merits.

Regarding the complexity of the legal issues involved, that plaintiffs must appear for their depositions is not sufficient grounds to meet the exceptional circumstances threshold or establish that this case is complex. <u>See Wilborn</u>, 789 F.2d at 1331 (explaining that "[a]lthough discovery was essential . . ., the need for such discovery does not necessarily qualify the issues involved as 'complex'"). Indeed, if that were the case, every pro se plaintiff would be entitled to have counsel appointed given that most litigation cases involve depositions. <u>Id.</u> ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); <u>see also</u> <u>Thornton v. Schwarzenegger</u>, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances" (citing <u>Rand</u>, 113 F.3d at 1525)). As noted by Judge Hollows,

> The concerns plaintiffs have raised may be mitigated by the acquisition or review of one of the many federal practice guides regarding procedures before trial available on the market for purchase or available for study in the State Court Law Library or the Law Library available in this courthouse which can be entered at the lobby level of the building. There is a librarian on duty in the court library who can assist them in locating the materials they

3

require.

(ECF No. 20 at 2–3.)

Finally, plaintiffs have demonstrated that they are more than capable of articulating their claims and appear to be prosecuting this matter adequately on their own. In that regard, the court notes that plaintiffs have worked in the legal field for at least ten years and are therefore even more capable of litigating their case pro se compared to other pro se plaintiffs. See *About Modoc Legal Services*, MODOC LEGAL SERVICES, https://modoclegal.com/index.php/about-us (last visited Oct. 23, 2019) (stating that Modoc Legal Services is "[r]un by William and Stacey Ramirez" and has "over a decade of experience in the legal field").

In sum, plaintiffs have not established their efforts to obtain counsel, a likelihood of success on the merits, that their case is complex, or that they are unable to articulate their claims.

IV. Conclusion

For these reasons, plaintiffs' motion to appoint counsel (ECF No. 31) is DENIED without prejudice.[2]

Dated: October 23, 2019

　　　　　　　　　　　　　　　　　／s／ Carolyn K. Delaney
　　　　　　　　　　　　　　　　　CAROLYN K. DELANEY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

15 ramirez632.counsel

---

[2] The court set a deadline of October 30, 2019 for the parties to complete plaintiffs' depositions. This deadline remains in effect notwithstanding this motion or any other motion plaintiffs file. In other words, plaintiffs must comply with this deadline and complete their depositions by October 30, 2019 or be subject to any and all sanctions available. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

4