UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAMIREZ and STACEY RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF EL DORADO, et al.,<br><br>Defendants. | No. 2:18-cv-00632-KJM-CKD PS<br><br><br>ORDER MODIFYING STATUS (PRETRIAL SCHEDULING) ORDER |

The court writes separately to modify its scheduling order and to address plaintiff's recent motion to file a delayed opposition and defendants' opposition thereto. (ECF Nos. 44–46.)

On December 28, 2018, the court issued a Status (Pretrial Scheduling) Order setting the last date to hear dispositive motions as February 12, 2020. (ECF No. 24.)

On January 10, 2020, defendants complied with the court's scheduling order deadline and set the hearing on their motion for summary judgment for February 12, 2020. (ECF No. 39.) At the time, plaintiffs were receiving notifications electronically. (See ECF No. 21.)

On January 16, 2020, the court ordered that all future filings shall be served on plaintiffs by conventional means because the email notification for defendants' motion for summary judgment bounced back as undeliverable to plaintiffs' email address. (ECF No. 40.) On January 16, 2020, defendants mailed plaintiffs the motion for summary judgment. (ECF No. 41.)

1

On January 27, 2020, plaintiffs filed a request to appear at the February 12, 2020 hearing telephonically. (ECF No. 42.) Plaintiffs acknowledged the motion for summary judgment was filed on January 16, 2020 and claimed there were medical complications that made it impossible for them to travel to Sacramento for the February 12, 2020 hearing. (Id.)

Despite having obviously received notice of the motion for summary judgment and in fact acknowledging this notice by asking over a week ago to appear at the hearing telephonically, plaintiffs claimed in their February 4, 2020 ex parte motion that "[i]t wasn't until . . . February 3, 2020 that I checked the efile system and found out that the Defendants had file[d] a Motion for Summary Judgment." (ECF No. 44 at 5.) The court is troubled by the plaintiffs' assertion in light of the following facts: (1) on January 10, 2020, notice of the motion was e-mailed to them;[1] (2) on January 16, 2020, the notice of the motion was mailed to them; and (3) on January 27, 2020, plaintiffs asked to appear at the hearing telephonically, which request expressly confirmed the motion was filed on January 16, 2020 (ECF No. 42). It is impossible that plaintiffs did not learn of the motion until February 3, 2020 as they now claim. Plaintiffs are strongly cautioned that misrepresentations to the court will be met with sanctions. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Despite plaintiffs' delay, the court maintains a desire to resolve this action on the merits. To that end, the court hereby modifies its Status (Pretrial Scheduling) Order as follows: All pretrial motions shall be completed by March 25, 2020. As stated before, the word "completed" in this context means that all law and motion matters must be heard by the above date.

The court will not sua sponte extend this date a second time, and this date will not be changed except with leave of court, good cause having been shown. See Fed. R. Civ. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). This means that the parties

---

[1] The court notes that this email was returned as undeliverable. However, it is plaintiffs' duty to keep the court informed of their current contact information, and service of the motion at the email address on record was fully effective absent the filing of a notice of change of email address.

cannot stipulate to changing this date—it can only be changed by the court. Plaintiffs are cautioned that a failure to update their contact information or comply with the Local Rules will not meet the high threshold of establishing good cause for extending this date, which requires a showing of diligence. See Johnson, 975 F.2d at 609 (explaining that "good cause" exists if a party can demonstrate that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension").

IT IS SO ORDERED.

Dated: February 6, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 ramirez632.scheduling